IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALTER VAIL VENTURES, LLC,

           Plaintiff,

v.                                                                1:16-cv-1246-WSD

JOHN J. WILES and JANET H. WILES,

           Defendants.

**OPINION AND ORDER**

On April 28, 2016, Plaintiff Alter Vail Ventures, LLC ("AVV") filed its Complaint [1] against Defendants John J. Wiles and Janet H. Wiles ("Defendants"), alleging a state law claim for breach of contract and seeking attorneys' fees. The Complaint states that AVV is "a limited liability company organized under the laws of the State of Delaware with its principal place of business at 5500 West Howard Street, Skokie, IL 60077." (Compl. ¶ 1). It states that Defendants are "individuals residing in this judicial district . . . ." (Id. ¶ 2). AVV asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332. (Id. ¶ 3).

On May 5, 2016, the Court entered an Order [4] ("May 5th Order") requiring AVV to file, on or before May 13, 2016, an amended complaint that adequately

alleges the citizenship of the parties. The Court noted that AVV's allegations regarding its citizenship and the citizenship of Defendants were insufficient, because a limited liability company is a citizen of any state of which one of its members is a citizen, and, for an individual, an allegation of residence alone is not enough to establish citizenship for diversity purposes. (May 5th Order at 3-4). The Court cautioned AVV that the Court "is required to dismiss this action unless [AVV] provides the required supplement alleging sufficient facts to show the Court's jurisdiction." (Id. at 4).

On May 12, 2016, AVV filed its Amended Complaint [5]. In it, AVV alleges that it has two members, Walt II, LLC ("Walt") and CV Strategic Assets, LLC ("CV"). (Am. Compl. ¶ 2). Walt has two members, CV and TAG Real Estate Venture, LLC ("TAG"). (Id. ¶ 3). CV has thirteen members, all but one of which are "Illinois trust[s]." (Id. ¶ 4). The remaining member of CV is "Harvey Alter, a resident of Illinois." (Id.). TAG has five members, all but one of which also are Illinois trusts. (Id. ¶ 5). The remaining member of TAG is Loop Ventures, LLC, which has a single member, "Domenic Lupo, a resident of Illinois." (Id. ¶ 6). AVV alleges all of its members "are domiciled in Illinois." (Id. ¶ 7). In its Amended Complaint, AVV repeats the allegation in its original

Complaint that Defendants "are individuals residing in this judicial district . . . ." (Id. ¶ 8).

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). In this case AVV's Amended Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact

of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).  A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ." Id.  "[T]he citizenship of trust fund members is determinative of the existence of diversity of citizenship." Laborers Local 938 Joint Health & Welfare Tr. Fund v. B.R. Starnes Co. of Fla., 827 F.2d 1454, 1457 (11th Cir. 1987).  To show citizenship, "[r]esidence alone is not enough." Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013).  For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

The Amended Complaint fails to allege AVV's and Defendants' citizenships.  The Amended Complaint alleges that many of AVV's members are

"Illinois trust[s]."  (Am. Compl. ¶ 4).  These allegations are insufficient to allege AVV's citizenship, because "the citizenship of trust fund members is determinative of the existence of diversity of citizenship."  Laborers Local 938, 827 F.2d at 1457.  The Amended Complaint does not allege the members of the trusts.  Further, two of AVV's members are "Harvey Alter, a resident of Illinois" and "Domenic Lupo, a resident of Illinois."  (Id. ¶¶ 4, 6).  As noted in the Court's May 5th Order, to show citizenship, "[r]esidence alone is not enough."  Travaglio, 735 F.3d at 1269.  For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'"  Id. (quoting McCormick, 293 F.3d at 1257-58).[1]  For this same reason, the Amended Complaint also does not adequately allege the citizenship of Defendants.  The Amended Complaint—just like the original Complaint—states only that Defendants are "are individuals residing in this judicial district . . . ."  (Id. ¶ 8).

The Court's May 5th Order cautioned AVV that the Court "is required to dismiss this action unless [AVV] provides the required supplement alleging sufficient facts to show the Court's jurisdiction."  (May 5th Order at 4).  AVV has had two opportunities to properly allege jurisdiction, and the Court declines to

---

[1]     AVV's general allegation that "all members of AVV are domiciled in Illinois," (Am. Compl. ¶ 7), is insufficient to establish AVV's citizenship.

grant it another bite at the apple.  AVV's Amended Complaint fails to allege sufficient facts to show the Court has jurisdiction over this action, and this action is dismissed without prejudice.  See Travaglio, 735 F.3d at 1268-69 (a district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establish jurisdiction).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO ORDERED** this 12th day of May, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE